ALFRED B. WOODRUFF *v.* J. M. DODD et als.

Where a party to a suit, in answering an interrogatory on facts and articles, states some other facts besides those concerning which inquiry has been made, if such facts be matter of defence and closely linked to the facts on which the party was interrogated, the answer is admissible.

Where the District Judge struck out such an answer, and, a bill of exception being taken, the Supreme Court admitted it in evidence—*Held:* That the case should be remanded in order to give the opposite party an opportunity to contradict it.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
T. *Gilmore*, for plaintiff. *Collins & Wooldridge*, for defendants and appellants.

VOORHIES, J. The plaintiff, as holder of a promissory note, sues the maker.

The defence is that this indebtedness is compensated in part by another note, which the defendants hold against the payee. It is contended that the plaintiff

<div style="text-align:right">WOODRUFF<br>v.<br>DODD.</div>

became the holder of the note sued upon, since its maturity at a time subsequent to the transfer, to the defendants, of the note opposed as a set-off.

Interrogatories on facts and articles were propounded to one of the defendants. The question was asked : " At what date did you or your late partner *Horman* acquire the acceptance of *Baker & Collins* from *Wm. H. Letchford & Co.*, pleaded in compensation herein ? "

The answer was :

" I acquired it myself from *Letchford & Co.* on the 3d of September, 1859 ; at the same time *Baker & Collins* held the note sued on."

The plaintiff moved that the latter part of the defendant's answer be striken off ; and the court sustained the motion, " on the ground that the defendant had no right to add to his answer to the interrogatory, matters not inquired of, and not pertinent to the interrogatory, and irrelevant. " The defendant took a bill of exceptions.

A party whose conscience is probed, has the right to " state some other facts tending to his defence, provided they be closely linked to the fact, on which he has been questioned. " The test is whether it be a matter of defence, and whether there be any connection between the facts sought and the additional matter elicited.

The object of the plaintiff was to show, by the defendant's answer, that the latter had purchased the note, set up in compensation, at a time subsequent to the former's possession as holder of the other note.

That part of the answer to the interrogatory, which was striken off, proved the very reverse, to-wit : that the defendants' title was anterior to the divestiture of the payee's title. This was a matter of defence, closely linked to the fact on which an appeal had been made to the conscience of the party interrogated. The bill of exception was consequently well taken.

The balance due to the plaintiff, allowing the compensation set up by the defendants, amounts to seventy-five dollars. But as the latter have deposited this amount in court, and paid the costs that had accrued up to the time, the subsequent costs must be borne by the former.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; and that there be judgment in favor of the plaintiff against the defendants *J. W. Dodd & Co.* for the sum of seventy-five dollars, which amount was deposited in the lower Court.

And, it is further ordered and decreed, that the plaintiff pay all the costs of court incurred since the date of the tender.

---

## SAME CASE—ON A RE-HEARING.

The plaintiff, on a motion for a re-hearing, prays that this case be remanded for the purpose of enabling him to contradict the defendant's answers to interrogatories on facts and articles.

Inasmuch as the District Judge had striken off the answer, which was objected to by the plaintiff on the trial below, and we came to a different conclusion, it is but proper to give to this party an opportunity of rebutting the answer of his adversary.

WOODRUFF
*v.*
DODD.

It is, therefore, ordered and decreed, that the judgment of this court be set aside; and that the judgment of the inferior court be avoided and reversed, and the case be remanded for further proceedings according to law as laid down in the opinion of this court in the premises.

It is further ordered, that the plaintiff pay the costs of this appeal.